1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| M.R., S.J., C.B., D.W., A.B., M.B., An.B, J.B., K.S., T.M., A.R., M.J.B., J.H., H.C., THE ARC OF WASHINGTON, SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE 775NW and PUGET SOUND ALLIANCE FOR RETIRED AMERICANS,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN DREYFUS, in her professional capacity as Secretary of Washington State Department of Social and Health Services and WASHINGTON STATE DEPARTMENTOF SOCIAL AND HEALTH SERVICES, a Department of the State of Washington,<br><br>Defendants. | No. [Cause Number]<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>CLASS ACTION |

## I.    INTRODUCTION

1.1    Plaintiffs and members of the Plaintiff Class ("Plaintiffs" or "Beneficiary Plaintiffs") are disabled individuals who are entitled to receive a certain number of Medicaid in-home personal care service hours each month, from approved providers, as set forth in care plans and notices derived from annual, individualized CARE assessments of each Plaintiff's health condition, circumstances, and needs for care to enable them to remain safely and independently at home.   Defendants Susan Dreyfus and the Washington State Department of Social and Health Services ("DSHS"), who administer Washington's Medicaid program, announced that effective January 1, 2011, they are cutting the Plaintiffs' personal care service hours by an average of 10%

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 1

10099.1 dl216312

1    for budgetary reasons alone, thereby reducing Plaintiffs' personal care service hours below the

2    levels they have been individually assessed to need and to which they have agreed in their care

3    plans.  This reduction deprives Plaintiffs of the minimum Medicaid long-term care benefits to

4    which they are entitled and need, without reassessment of their current needs, adequate notice or

5    an opportunity for pre-deprivation hearing.  This hours cut will result in plans of care that do not

6    meet the minimum needs that Defendants have assessed Plaintiffs to have and puts Plaintiffs at

7    risk of serious injury, health deterioration, and unnecessary institutionalization.

8        1.2    Plaintiffs qualify for Medicaid long-term care in nursing homes.  All Plaintiffs

9    who receive personal care services through programs other than Medicaid Personal Care

10   ("MPC") have been determined to be functionally eligible for nursing facility level of care

11   (NFLOC), or an intermediate care facility for the mentally retarded (ICF/MR).  All but a few

12   hundred Plaintiffs of the approximately 40,000 members of the class would be eligible for such

13   care if assessed.

14       1.3    As an alternative to nursing homes or other forms of residential or nursing facility

15   level of institutional care, and at a much lower cost than institutional care, Plaintiffs consented to

16   and approved care plans that authorize in-home personal care assistance with their basic and

17   fundamental activities of daily living.  These include: eating, bathing, toileting, mobility, catheter

18   and bowel care, turning and repositioning, passive range of motion, dressing, medication

19   management, essential shopping and housework.  This in-home assistance permits Plaintiffs to

20   meet their long term care needs and remain safely in their homes, the most integrated

21   community-based setting possible, where they enjoy maximum independence, dignity, and

22   engagement with their neighbors and family.

23       1.4    Plaintiffs' freedom to live at home depends upon their continued access to

24   Medicaid in-home personal care services at the level DSHS individually assessed them to need.

25   Defendants' reduction of personal care services below their level of need will lead to

26   unnecessary institutionalization of individuals who would otherwise remain in their own homes.

27   This violates the integration mandate of the Americans with Disabilities Act ("ADA"), and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 2

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1  Section 504 of the Rehabilitation Act ("Section 504"), which require Defendants to administer

2  services and programs in the most integrated setting appropriate to the needs of the individual

3  with disabilities.

4       1.5     Currently, Plaintiffs are awarded Medicaid home care service hours as a result of

5  individualized CARE assessments that determine unmet needs.  On the basis of those CARE

6  assessments, DSHS determines the amount of medically necessary covered services by

7  assignment of individuals to acuity and need-based categories with allocation of base personal

8  care hours to meet the assessed needs in each category, with additional individual adjustments

9  and possible, but infrequent, exceptions to rules.   DSHS authorized each Beneficiary Plaintiff

10  and putative class member to receive these Medicaid services only after individualized: CARE

11  assessment; finding of financial and functional eligibility for services; consent for services and

12  approval of the plan of care; and selection of an Individual or Agency provider qualified for

13  payment by DSHS.  The final arrangements are summarized in a care plan and Planned Action

14  Notice (PAN).  Through the CARE assessment, the care plan, and the PAN, the amount,

15  duration, and scope of the Medicaid medically necessary in-home personal care services are

16  awarded to meet the individual needs of the Plaintiff Beneficiaries.

17       1.6     Reduction of those services based on an arbitrary budgetary figure violates the

18  Medicaid Act's requirements that reasonable standards be used to determine the extent of

19  services, that services be sufficient in amount to accomplish the purposes of the program, that

20  individuals with comparable needs receive comparable services, and that recipients have the

21  freedom to choose between home and community-based services and institutional services.

22  Reduction of these services without obtaining federal approval of a plan amendment further

23  violates the procedural requirements of the Medicaid Act.

24       1.7     On or after December 6, 2010, Defendants notified the Plaintiffs, in writing, that

25  their home care service hours would be reduced effective January 1, 2010.  DSHS did not

26  reassess Plaintiffs, arrange for alternative services to take the place of the lost personal care

27  services, notify class members of the mandatory Medicaid services that are available to them as

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 3

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   replacement services, or provide notice and an opportunity for an administrative hearing to

2   challenge the reduction in services, all in violation of the Due Process Clause of the United

3   States Constitution.

4         1.8     Defendants' conduct has thus violated and will violate Plaintiffs' constitutionally

5   protected right to due process guaranteed under the Fourteenth Amendment to the U.S.

6   Constitution, the Medicaid Act, the Americans with Disabilities Act, Section 504 of the

7   Rehabilitation Act, 42 U.S.C. §1983, and the Supremacy Clause of the U.S. Constitution.

8         1.9     As a result of this reduction in services, Plaintiffs will experience immediate harm

9   and ongoing deterioration of their health, functional capacities, and independence.  This

10  reduction of necessary personal care services will cause immediate and irreparable harm.

11        1.10    In addition, Defendants' precipitous and arbitrary cuts in home care services will

12  weaken the existing infrastructure and home-based service model for the provision of these

13  Medicaid services.  The loss in hours will require some current and long-serving personal care

14  providers to stop working for their Plaintiff clients, leaving Plaintiffs without the care they need

15  or the staff to provide that care.  Many Plaintiffs will be unable to secure adequate replacement

16  caregivers available to do the work at the lower assessment of hours.  The loss in hours will

17  require some Plaintiffs to be unattended and make do with inadequate support and an unsafe

18  level of care.  Some Plaintiffs will be forced from their homes to seek the long-term care they

19  need in institutional facilities, or residential facilities in the community.

20        1.11    Plaintiffs seek declaratory and injunctive relief to prohibit the reduction of

21  Plaintiffs' personal care hours set to take effect on January 1, 2011.  In the alternative, Plaintiffs

22  seek an injunction to prohibit such reduction in in-home care hours until such time as Defendants

23  can demonstrate that the assessed level of services is not necessary or until Defendants can

24  demonstrate that alternative services are in place in the most integrated setting appropriate to

25  their needs and conditions (which has been shown to be at home), and all class members whose

26  personal care services are set to be reduced are able to pursue pre-termination administrative fair

27  hearings.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 4

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1

## II.    PARTIES

2    **2.1    Named Beneficiary Plaintiffs**

3          2.1.1    Plaintiff M.R. is a resident of King County, Washington who receives

4    Medicaid personal care services through a Division of Developmental Disabilities ("DDD")

5    waiver.

6          2.1.2    Plaintiff S.J. is a resident of Grays Harbor County, Washington who

7    receives Medicaid personal care services through the MPC program.

8          2.1.3    Plaintiff C.B. is a resident of King County, Washington who receives

9    Medicaid personal care services through the Community Options Program Entry System

10    ("COPES") program.

11          2.1.4    Plaintiff D.W. is a resident of Pierce County, Washington who receives

12    Medicaid personal care services through the MPC program.

13          2.1.5    Plaintiffs A.B., M.B, An.B, and J.B. are residents of Clark County,

14    Washington who receive Medicaid personal care services through the MPC program.

15          2.1.6    Plaintiff K.S. is a resident of Spokane County, Washington who receives

16    Medicaid personal care services through the COPES program.

17          2.1.7    Plaintiff T.M. is a resident of Benton County, Washington and receives

18    Medicaid personal care services through a DDD waiver.

19          2.1.8    Plaintiff A.R. is a resident of King County, Washington who receives

20    Medicaid personal care services through the COPES program.

21          2.1.9    Plaintiff M.J.B. is a resident of Columbia County, Washington who

22    receives Medicaid personal care services through the COPES program.

23          2.1.10  Plaintiff J.H. is a resident of Thurston County, Washington who receives

24    Medicaid personal care services through the COPES program.

25          2.1.11  Plaintiff H.C. is a resident of King County, Washington who receives

26    Medicaid personal care services through the COPES program.

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 5

10099.1 dl216312

1    **2.2    Organizational Plaintiffs**

2        2.2.1    Plaintiff **The Arc of Washington** ("The Arc") is a non-profit association

3    with a principal office in Thurston County, Washington.

4        2.2.2    Plaintiff **Service Employees International Union Healthcare 775NW**

5    ("SEIU") is an unincorporated association with a principal office in King County, Washington

6    and brings this suit on behalf of its members that include approximately 39,000 Independent

7    Providers and Agency Providers in Washington State who provide in-home personal care

8    services through the MPC, COPES, and/or other programs.

9        2.2.3    Plaintiff **Puget Sound Alliance for Retired Americans** ("PSARA") is a

10   nonprofit association and an affiliate of the national Alliance for Retired Americans and the

11   Washington Alliance for Retired Americans with a principal office in King County, Washington.

12   **2.3    Defendants**

13       2.3.1    Defendant Dreyfus is Secretary of the State of Washington's Department

14   of Social and Health Services (DSHS), a department of the State of Washington, a public entity

15   as defined under 42 U.S.C. § 12131 (1), and a program that receives Federal financial assistance

16   under Section 504.  DSHS administers the federal Medicaid program in Washington State

17   Secretary Dreyfus is responsible for ensuring that Washington's Medicaid Program is

18   administered in a manner consistent with federal law.  She is sued in her official capacity only.

19       2.3.2    Defendant DSHS is a department of the State of Washington, a public

20   entity as defined under 42 U.S.C. § 12131 (1), and a program that receives Federal financial

21   assistance under Section 504.  DSHS administers the federal Medicaid program in Washington

22   State.  Plaintiffs assert only the Third Claim for Relief against Defendant DSHS.

23       2.3.3    All of the acts and omissions set forth in this matter were done by

24   Defendants or Defendants' employees and agents, within the scope of their employment, and

25   under the color of state law.  They were official acts of Defendants undertaken directly by policy

26   makers, were actions caused by the policies, procedures, practices and customs of State of

27   Washington and Defendant DSHS, and/or were ratified by Defendants.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 6

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

### III.    JURISDICTION AND VENUE

3.1     This Court has personal and subject matter jurisdiction under 28 U.S.C. § 1331, because this action arises under the laws of the United States, and 28 U.S.C. § 1343(3) and (4), which confer on the federal district courts original jurisdiction over claims asserted under 42 U.S.C. § 1983 to redress deprivations of rights, privileges, or immunities guaranteed by Acts of Congress and the United States Constitution and claims that arise under the Supremacy Clause of the United States Constitution.

3.2     Venue is properly located in King County, Washington, because Defendants maintain a regional office in the district for the purpose of administering its long-term care programs, including the provision of home-based personal care services; Defendants' long term care programs, including the provision of home-based personal care services, are implemented in King County, Washington; a majority of the Plaintiffs will lose their Medicaid services in King, Snohomish, Skagit, and Whatcom Counties; and the events giving rise to these claims occurred or will occur, unless enjoined, in King County, Washington.

3.3     Plaintiffs seek declaratory, injunctive, and other appropriate relief pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983, the Supremacy Clause of the U.S. Constitution, and Federal Rules of Civil Procedure 23, 57, and 65.

### IV.    FACTUAL ALLEGATIONS

**4.1    Statutory and Regulatory Framework**

**4.1.1    The Americans with Disabilities Act (ADA)**

4.1.1.1     The ADA and its attendant regulations prevent discrimination against people with disabilities and unnecessary segregation.

4.1.1.2     In the ADA, Congress found that "[individuals with disabilities continually encounter various forms of discrimination, including . . . segregation. . . ." 42 U.S.C. § 12101(a)(5). It provides that "no qualified individual with a disability shall, by reason of disability, be excluded from participation in or be denied the benefits of the services, programs,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 7

10099.1 dl216312

1   or activities of a public entity or be subjected to discrimination by such entity." 42 U.S.C.

2   §12132.

3             4.1.1.3        Regulations implementing Title II of the ADA provide: "A

4   public entity shall administer services, programs, and activities in the most integrated setting

5   appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d).

6             4.1.1.4        Regulations implementing Title II of the ADA provide: "A

7   public entity may not, directly or through contractual or other arrangements, utilize criteria or

8   other methods of administration: (i) that have the effect of subjecting qualified individuals with

9   disabilities to discrimination on the basis of disability; [or] (ii) that have the purpose or effect of

10  defeating or substantially impairing accomplishment of the objectives of the entity's program

11  with respect to individuals with disabilities ...." 28 C.F.R. § 35.130(b)(3).

12        **4.1.2    Section 504 of the Rehabilitation Act (Section 504)**

13            4.1.2.1        Section 504 of the Rehabilitation Act of 1973 provides, "No

14  otherwise qualified individual with a disability in the United States . . . .shall, solely by reason of

15  her or his disability, be excluded from participation in, be denied the benefits of, or be subjected

16  to discrimination under any program or activity receiving Federal financial assistance." 29

17  U.S.C. § 794.

18            4.1.2.2        Regulations implementing Section 504 require a recipient of

19  federal financial assistance to administer its services, programs, and activities in "the most

20  integrated setting appropriate" to the needs of qualified individuals with disabilities. 28 C.F.R. §

21  41.51(d).

22            4.1.2.3        Regulations implementing Section 504 prohibit recipients of

23  Federal financial assistance from "[u]tiliz[ing] criteria or methods of administration ... (i) [t]hat

24  have the effect of subjecting qualified handicapped persons to discrimination on the basis of

25  handicap [or] (ii) [t]hat have the ... effect of substantially impairing accomplishment of the

26  recipients' program with respect to handicapped persons." 45 C.F.R. § 84.4(b)(4); 28 C.F.R. §

27  41.51(b)(3)(i).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 8

10099.1 dl216312

### 4.1.3   The Medicaid Program

4.1.3.1     Medicaid is a cooperative, jointly funded program between the federal and state governments that provides medical assistance to low-income individuals with disabilities.  42 U.S.C. § 1396 – 1396v.

4.1.3.2     Washington has elected to participate in the Medicaid program, and so must comply with the requirements of the federal Medicaid Act and its implementing regulations, the requirements of Medicaid waivers, federal and state law.

4.1.3.3     The purpose of Medicaid is to furnish, as far as practicable, "medical assistance on behalf of … aged, blind or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services" and "to help such families and individuals to attain or retain capability for independence or self-care …" 42 U.S.C. § 1396.

4.1.3.4     On the federal level, Medicaid is administered by the Centers for Medicare and Medicaid Services (CMS), an agency within the United States Department of Health and Human Services (HHS).

4.1.3.5     States participate in Medicaid by submitting a State Medicaid Plain to CMS for approval.  42 U.S.C. §1396; 42 C.F.R. §430.12.  States can make changes to their Medicaid programs by submitting state plan amendments to CMS for approval.  *Id.*

4.1.3.6     Washington State elects to participate in Medicaid, and, therefore, must comply with the requirements of the federal Medicaid Act, its implementing regulations, the United States Constitution, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973.  42 U.S.C. § 1396, *et seq.*

4.1.3.7     Coverage of certain services is mandatory under Medicaid. States that elect to participate in the Medicaid program must cover nursing facility services for individuals over 21 year of age.  42 U.S.C. §§ 1396a(a)(10), 1396d(a)(4)(A).  States must also offer home health services, including skilled nursing services.  42 U.S.C. §§ 1396d (a)(7), 1396r, 42 CFR 440.210(a)(1), 440.220(a)(3), 440.70, 441.15.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 9

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1       **4.1.4    The State's Medicaid In-Home Personal Care Services Programs**

2              4.1.4.1      DSHS administers the Washington Medicaid program.

3    Medicaid pays for medical and personal care services, including nursing home care and in-home

4    personal care services.

5              4.1.4.2      Defendants have agreed to provide, and DSHS administers, in-

6    home personal care services to eligible Medicaid recipients in its State Medicaid Plan through

7    the Medicaid Personal Care ("MPC") program, authorized under RCW 74.09.520.

8              4.1.4.3      Approximately 15,000 purported class members receive MPC

9    in-home services.  Each has an unmet or partially met need with at least three of the following

10   activities of daily living, or unmet or partially met needs resulting in the needs not occurring with

11   at least one of the following activities of daily living:  eating, toileting, bathing, dressing,

12   transfer, bed mobility, walking or locomotion, medication management, personal hygiene, body

13   care.  WAC 388-106-0210.

14             4.1.4.4      All but a few hundred MPC beneficiaries are so disabled that

15   DSHS acknowledges they would meet the functional eligibility criteria entitling them to nursing

16   facility level of care, but they have been directed toward the MPC program and have not been

17   assessed for nursing facility or other institutional facility eligibility by DSHS.

18             4.1.4.5      Defendants have agreed to provide, and DSHS administers, in-

19   home personal care services to eligible Medicaid recipients through the Community Options

20   Program Entry System ("COPES") Medicaid waiver program (provided under a § 1915(c)

21   waiver), authorized under RCW 74.39A.030.

22             4.1.4.6      Approximately 18,000 purported class members receive

23   COPES in-home personal care services.

24             4.1.4.7      To qualify for the COPES waiver, DSHS individually assessed

25   each beneficiary through the CARE assessment and certified that, but for the provision of such

26   services, the individuals require nursing facility level of care, or will likely need that level of care

27   within thirty days, as defined in 42 CFR 440.40 and 42 CFR 440.155.    WAC 388-106-0310(4).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 10

**MACDONALD HOAGUE & BAYLESS**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1    4.1.4.8    Defendants have agreed to provide, and DSHS administers, in-

2  home personal care services to eligible Medicaid recipients through the Medically Needy In-

3  Home Waiver ("MNIW"), a Medicaid waiver program (provided under a § 1915(c) waiver),

4  authorized under RCW 74.09.700.

5    4.1.4.9    Approximately 60 purported class members receive MNIW in-

6  home personal care services.

7    4.1.4.10    To qualify for the MNIW waiver, DSHS individually assessed

8  each beneficiary through the CARE assessment and certified that, but for the provision of such

9  services, the individuals require nursing facility level of care, or will likely need that level of care

10  within thirty days, as defined in 42 CFR 440.40 and 42 CFR 440.155.   WAC 388-106-0510 (4).

11    4.1.4.11    Defendants have agreed to provide, and DSHS administers, in-

12  home personal care services to eligible Medicaid recipients who have developmental and

13  intellectual disabilities through four Medicaid waiver programs administered by the

14  Department's Division of Developmental Disabilities known as the Basic, Basic Plus, Core, and

15  Community Protection waivers ("DDD Waivers"). The waiver programs are authorized by 42

16  U.S.C. §  1396n(c)(1).

17    4.1.4.12    Approximately 11,000 purported class members are served

18  through the DDD Waivers.

19    4.1.4.13    To qualify for the DDD waivers, DSHS individually assessed

20  each recipient and certified that, but for the provision of such services, the individuals would

21  require care in Intermediate Care Facility for the Mentally Retarded or the Intellectually

22  Disabled (ICF/MR or ICF/ID), such as Rainier School, as defined in 42 CFR 440.150.  These

23  individuals are also be eligible for and, in the absence of in-home personal care services, would

24  require nursing facility level of care as defined in 42 CFR 440.40 and 42 CFR 440.155.

25    4.1.4.14    Defendants also have agreed to provide, and DSHS

26  administers, in-home personal care services to eligible Medicaid recipients through a New

27  Freedom Medicaid Waiver, a pilot program in King and Clark County.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 11

10099.1 dl216312

4.1.4.15    To qualify for this waiver, DSHS individually assessed each recipient and certified that, but for the provision of such services, the individuals would require nursing facility level of care as defined in 42 CFR 440.40 and 42 CFR 440.155.

4.1.4.16    Defendants also have agreed to provide, and DSHS administers, in-home personal care services through state-funded in-home personal care services through its CHORE program authorized under RCW 74.39A.110.

4.1.4.17    Having elected to provide those services, DSHS must follow the applicable requirements of the Medicaid Act, the Medicaid Waivers, federal and state law.

4.1.4.18    In addition to in-home personal care services, the Defendant provides long-term care and personal care services in community based residential settings such as Adult Family Homes, Boarding Homes, and Assisted Living Facilities.

4.1.4.19    The purpose of the State's long-term care service options include:  to "[e]stablish a balanced range of health, social and supportive services that deliver long-term care services to chronically, functionally disabled persons of all ages.  RCW 74.39.005(1); to "[e]nsure that services are provided in the most independent living situation consistent with individual needs;" and to "[e]nsure that long-term care service options shall be developed and made available that enable functionally disabled persons to continue to live in their homes or other community residential facilities while in the care of their families or other volunteer support persons." RCW 74.39.005(1) (3), (4); see also RCW 74.39A.007.

4.1.4.20    The legislature also directed the purpose of the long-term care service options to "[e]nsure that functional ability shall be the determining factor in defining long-term care service needs and that these needs will be determined by a uniform system for comprehensively assessing functional disability."  RCW 74.39.005(2).

4.1.4.21    In or around 2003, DSHS implemented the Comprehensive Assessment Reporting Evaluation (CARE) tool and required it to be used to individually assess needs and assign in-home personal care hours to meet those individually assessed needs.  DSHS also required use of the CARE tool to determine rates for community residential facilities based

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 12

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   upon individually assessed needs.  In or around 2007, DSHS required the CARE tool to be used

2   to individually assess the needs and assign in-home personal care hours to meet those

3   individually assessed needs of individuals with developmental or intellectual disabilities and to

4   determine rates for community residential facilities serving those with developmental or

5   intellectual disabilities based upon individually assessed needs.

6           4.1.4.22    Washington State also uses the "Supports Intensity Scale"

7   ("SIS") which is a nationally normed instrument that is part of the CARE tool.  It applies specific

8   and uniform standards to determine the level of care needed for developmentally disabled

9   individuals.  Hereinafter, we use the term "CARE tool" to refer to all individualized assessments

10  made using the CARE tool.

11          4.1.4.23    With the exception of the cuts at issue in this lawsuit, it has

12  been the policy and practice of DSHS to provide personal care services to in-home clients served

13  through all of its State Medicaid Plan and Waiver Programs based upon the level of individually

14  assessed client needs, as determined through the centralized CARE assessment process.

15          4.1.4.24    Each Plaintiff was awarded Medicaid home care service hours

16  as a result of individualized CARE assessments that determined unmet needs.  On the basis of

17  those CARE assessments, DSHS determined the amount of medically necessary covered services

18  by assignment of individuals to acuity and need-based categories, with allocation of base

19  personal care hours to meet the assessed needs in each category, with additional individual

20  adjustments and possible, but infrequent, exceptions to rules, consistent with WAC 388-106-

21  0055.  The determination of unmet needs, and the classification/categorization, incorporates

22  individualized assessments of each Beneficiary's cognitive performance, clinical complexity,

23  mood/behaviors symptoms, and Activities of Daily Living (ADL)s.  WAC 388-106-0085.

24          4.1.4.25    DSHS authorized each Beneficiary Plaintiff and putative class

25  member to receive a certain number of Medicaid in-home personal care service hours only after

26  individualized: CARE assessment; finding of financial and functional eligibility for services;

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 13

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1  consent for services and approval of the plan of care; and selection of an Individual or Agency

2  provider qualified for payment by DSHS, as required by WAC 388-106-0045.

3                      4.1.4.26    In the CARE assessment process, beneficaries are afforded the

4  freedom of choice between types of long term care (in the home, community residential settings,

5  or institutional settings) as well as the selection of qualified Individual Providers of Agency

6  Providers.

7                      4.1.4.27    The CARE assessment results and Medicaid authorizations are

8  summarized in a plan of care, "care plan," or for beneficiaries with developmental or intellectual

9  disabilities, the Individual Support Plan, "ISP."  DSHS provides Beneficiaries, and/or their

10  guardians, with a copy of the CARE assessment, care plan or ISP, and a Planned Action Notice

11  (PAN) that summarizes the authorized hours of monthly in-home personal care.  The approved

12  Personal Care Provider also receives these notices and directives as to the tasks to perform and

13  the amount of hours awarded to perform them.  Through the CARE assessment, the care plan or

14  ISP, and the PAN, the amount, duration, and scope of the Medicaid medically necessary in-home

15  personal care services are awarded to meet the individual needs of the Plaintiff Beneficiaries.

16                      4.1.4.28    The CARE assessment occurs annually. Changes to the care

17  plan/ISP, including the amount of in-home personal care Medicaid benefits awarded, requires a

18  reassessment using the CARE tool.  CARE reassessments are required when there is a change in

19  the condition of the beneficiary, a change in Care Provider, or a change in services.

20                      4.1.4.29    The State's in-home personal care services programs help

21  prevent costly and unnecessary institutionalization, save the State significant funds, and, at the

22  same time, improve the quality of life for the individuals served.

23        **4.2**    **State's Planned Reduction of Personal Care Services Effective Jan. 1, 2011**

24                      4.2.1    On September 14, 2010, Governor Christine O. Gregoire issued Executive

25  Order 10-04, which instructed the Director of the Office of Financial Management to calculate

26  the percentage shortfall in the current fiscal period and ordered the reduction of the amount of

27  each appropriation by that percentage.  Two days later, the Director issued a memorandum

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 14

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1  instructing agency directors to submit allotment amendments reflecting a 6.287 percent

2  reduction.

3          4.2.2    In response, Defendant DSHS submitted a plan that provided for a ten

4  percent reduction in personal care hours for Medicaid home care recipients – a reduction far

5  higher than the average reduction in spending required of the agency.

6          4.2.3    That plan explained that "[t]he actual reduction will vary from 6 percent to

7  18.4 percent based upon acuity," with lower acuity clients receiving higher percentage hours

8  reductions, and acknowledged that this reduction would be on top of an average four percent

9  increase that took place in FY 2010 (with actual reductions ranging from 1-10%) and some

10  additional targeted reductions in FY 2011.

11          4.2.4    The agency plan admitted, "[w]ith reduced hours, in-home clients will

12  need to choose which tasks their employees spend their time on and there may not be enough

13  time to complete all tasks"; that clients with the higher percentage reductions might not be able

14  to have some authorized tasks completed regularly; and that, "[i]f the reduction results in an

15  unsafe plan of care, some clients may need to go to community residential or nursing facility

16  settings."

17          4.2.5    On November 30, 2010, the DSHS Aging and Disability Services

18  Administration issued an HCS Management Bulletin outlining the agency's plan for

19  implementation of the 10% personal care services cut.  That bulletin set forth the following cuts

20  to base monthly hours for the various classification groups, ranging from 6.4 percent to 25

21  percent.

22          4.2.6    The bulletin further explained that there would be "no appeal rights for

23  this change . . . because this is a service change directed by the Governor and applies to the entire

24  program," and that a letter would be mailed the week of December 6, 2010 notifying clients of

25  the upcoming reduction in hours.

26

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 15

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1     4.2.7    On information and belief, on or around December 6, 2010, letters were

2  sent to recipients of in home personal care services notifying them of the specific hours

3  reductions that would be effective January 1, 2011.

4     4.2.8    The budget-based cuts, implemented without individual CARE

5  assessments, undermines the integrity of the long-term care system and contradicts legal

6  obligations DSHS has to provide these services to meet client needs.  Abandoning care

7  assessments before making hours cuts constitutes a material alteration in the policies and

8  practices of DSHS in implementing state plan and waiver services.

9     4.2.9    On information and belief, Defendants have not sought approval of plan or

10  waiver amendments from CMS.

11     4.2.10  The reduction of home care services below assessed need is likely to cause

12  Plaintiffs to suffer declines in physical functioning, increased medical complications, and

13  additional preventable accidents resulting in physical injury and hospitalizations.  This will

14  expose them to a serious risk of harm to their health and safety and cause a serious risk of

15  unwanted out-of-home placement, including unwanted institutionalization.

16     4.2.11  The reduction of home care services below assessed need is likely to cause

17  Plaintiffs members to suffer declines in mental functioning.  This will expose them to a serious

18  risk of harm to their health  and        safety and cause a serious risk of out-of-home placement,

19  including unwanted institutionalization.

20     4.2.12  Plaintiffs whose physical or cognitive impairments are such that they

21  cannot be left alone or whose health conditions are extremely unstable are likely to face

22  immediate out-of-home placement in an institution.

23     4.2.13  Out-of-home placement in an institution often further destabilizes already

24  compromised mental or physical functioning.  Once placed in an institution, it is extremely

25  difficult for individuals to move out of institutions and back into the community.

26

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 16

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1        4.2.14  Institutional placement is more expensive than in home care, and so

2  unnecessary entry into nursing homes and other forms of institutional care will diminish any

3  savings the State expects to realize from these hours reductions.

4        4.2.15  Defendants have not arranged for alternative, community-based Medicaid

5  services or alternative institutional Medicaid services to be provided to Plaintiffs.  Defendant's

6  reduction of home care hours below the assessed need will undermine the existing infrastructure

7  and service model for the provision of Medicaid personal care services.

8        **4.3**     **Factual Allegations Related to Beneficiary Plaintiffs**

9        4.3.1   All Named Beneficiary Plaintiffs, including Plaintiffs M.R., S.J., C.B.,

10  D.W., A.B., M.B., An.B, J.B., K.S., T.M., A.R., M.J.B., J.H., H.C., are qualified individuals with

11  disabilities as defined under 42 U.S.C. § 12131(2) and Section 504 of the Rehabilitation Act and

12  are substantially impaired in numerous major life activities.

13        4.3.2   All Beneficiary Plaintiffs, including Plaintiffs M.R., S.J., C.B., D.W.,

14  A.B., M.B., An.B, J.B., K.S., T.M., A.R., M.J.B., J.H., H.C., are eligible for nursing facility level

15  of care, but prefer and choose to live at home and integrated in the community.

16        4.3.3   In order to survive on a day to day level, all Beneficiary Plaintiffs,

17  including Plaintiffs M.R., S.J., C.B., D.W., A.B., M.B., An.B, J.B., K.S., T.M., A.R., M.J.B.,

18  J.H., H.C., require substantial assistance in activities of daily living (ADLs) and independent

19  activities of daily living (IADLs).

20        4.3.4   Defendants, by and through DSHS case managers, have determined that

21  all Beneficiary Plaintiffs, and Plaintiffs M.R., S.J., C.B., D.W., A.B., M.B., An.B, J.B., K.S.,

22  T.M., A.R., M.J.B., J.H., H.C., meet the functional and financial eligibility requirements for

23  Medicaid in-home long term care services.  Defendants awarded Medicaid home care service

24  hours to all Beneficiary Plaintiffs, including Plaintiffs M.R., S.J., C.B., D.W., A.B., M.B., An.B,

25  J.B., K.S., T.M., A.R., M.J.B., J.H., H.C., as a result of individualized CARE assessments that

26  determined their unmet needs and amount of medically necessary covered services, assigned

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 17

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1  individuals to acuity and need-based categories, and allocated base personal care hours to meet

2  the assessed needs in each category, with individual adjustments.

3        4.3.5   DSHS authorized each Beneficiary Plaintiffs, including Plaintiffs M.R.,

4  S.J., C.B., D.W., A.B., M.B., An.B, J.B., K.S., T.M., A.R., M.J.B., J.H., H.C., to receive these

5  in-home personal care Medicaid services only after the individualized: CARE assessment;

6  finding of financial and functional eligibility for services; consent for services and approval of

7  the plan of care; and selection of an Individual or Agency provider qualified for payment by

8  DSHS.

9        4.3.6   By providing Medicaid services at home, Defendants successfully

10  provided Medicaid services in the most integrated setting appropriate to her needs.

11        4.3.7   On or after December 6, 2010, Defendant DSHS sent each Beneficiary

12  Plaintiff, including Plaintiffs M.R., S.J., C.B., D.W., A.B., M.B., An.B, J.B., K.S., T.M., A.R.,

13  M.J.B., J.H., H.C., letters notifying them that their personal home care hour benefits would be

14  reduced effective January 1, 2011.  The notice letters identified the current hours of in-home

15  personal care services received under their care plan, and the number of hours they will receive

16  in in-home personal care services effective January 1, 2011 after the hours cut.  The letters

17  specifically stated they have no right to appeal the reduction of in-home personal care services.

18        4.3.8   Beneficiary Plaintiffs, including Plaintiffs M.R., S.J., C.B., D.W., A.B.,

19  M.B., An.B, J.B., K.S., T.M., A.R., M.J.B., J.H., H.C., remain eligible for Medicaid services

20  after January 1, 2011, including 24/7 nursing facility level of care.  Some Beneficiary Plaintiffs

21  are eligible for other Medicaid services after January 1, 2011, including home health and skilled

22  nursing.

23        4.3.9   Defendants never contacted the Beneficiary Plaintiffs, including Plaintiffs

24  M.R., S.J., C.B., D.W., A.B., M.B., An.B, J.B., K.S., T.M., A.R., M.J.B., J.H., H.C., regarding

25  the change in services, failed to notify them that they remain eligible for Medicaid services to

26  meet their needs after January 1, 2011, failed to provide them options for alternative Medicaid

27  long-term care services in community-based settings or in more institutional settings that would

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 18

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   provide the full and necessary medical care and services that will be lost when the hour cuts go

2   into effect, failed to obtain their agreement to such replacement services, and failed to send a

3   planned action notice re: new treatment arrangements.

4           4.3.10  Defendants reduced the Beneficiary Plaintiffs, including Plaintiff M.R.,

5   S.J., C.B., D.W., A.B., M.B., An.B, J.B., K.S., T.M., A.R., M.J.B., J.H., H.C.'s, Medicaid

6   services without undertaking CARE reassessments, without proper notice, and without providing

7   any opportunity to appeal.

8           4.3.11  With January 1, 2011 hours cuts, Defendants failed to provide Beneficiary

9   Plaintiffs, including Plaintiffs M.R., S.J., C.B., D.W., A.B., M.B., An.B, J.B., K.S., T.M., A.R.,

10  M.J.B., J.H., H.C., with Medicaid long-term care services in the most integrated setting

11  appropriate to Plaintiffs' needs and conditions, which has proven to be at home, where they were

12  living prior to the hours cuts.

13          4.3.12  Defendants and their DSHS case worker effectively terminated, reduced or

14  delayed Beneficiary Plaintiffs', including Plaintiffs M.R., S.J., C.B., D.W., A.B., M.B., An.B,

15  J.B., K.S., T.M., A.R., M.J.B., J.H., H.C.'s, home-based Medicaid services without undertaking a

16  CARE reassessment and without providing any opportunity to appeal.

17          4.3.13  The State of Washington would be required to pay more for Beneficiary

18  Plaintiffs' care, including the care of Plaintiffs M.R., S.J., C.B., D.W., A.B., M.B., An.B, J.B.,

19  K.S., T.M., A.R., M.J.B., J.H., H.C., in a nursing home or other institutional or residential setting

20  than it has paid or would be required to pay for home-based personal care services.

21      **4.4     Factual Allegations Related to Plaintiff M.R.**

22          4.4.1    Plaintiff M.R., a 37-year-old resident of King County, Washington,

23  appears in this action through her mother, legal guardian, and next friend, Dorcas Maxson, who

24  is also M.R.'s Individual Provider.  Plaintiff M.R. is not able to appear on her own behalf in this

25  litigation.

26

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 19

1    4.4.2    Plaintiff M.R. has limited cognitive abilities and has been diagnosed as

2    having severe mental retardation, daily grand and petite mal seizures, Scoliosis, Cerebral Palsy,

3    Hypothroidism, and mood disorder.

4    4.4.3    Defendant DSHS deemed Plaintiff M.R. eligible for Medicaid personal

5    care services through a DDD waiver and assessed her to have a medical necessity of 236 hours

6    per month of personal care services.  Plaintiff M.R. requires assistance with her medical

7    conditions including administration of anti-seizure drugs through her feeding tube two times per

8    day and other medications up to five times per day, monitoring seizures, cleaning and

9    maintaining her feeding tube, compression stockings for her swollen legs to maintain vein

10   functionality, and monitoring her health closely for seizures and to prevent complications of all

11   her conditions.  She also requires assistance with most of the activities of daily living, including

12   eating, food preparation, toileting (including perineal and incontinence care), bathing, dressing,

13   aid with braces, walking, transferring, behavior monitoring, housecleaning, and laundry.  The

14   236 hours are minimally  sufficient to provide for M.R.'s extensive needs, and M.R.'s DSHS

15   case manager has assessed that her household is "at serious risk of failure."

16   4.4.4    Until 2006, M.R. lived in an adult family home, but her mother brought

17   M.R. home in order to improve her care after M.R. began to have frequent seizures and her

18   doctors predicted she would not live out the year.  With personal care assistance, Plaintiff M.R.

19   is able to live in her own home, where she receives better care, more attention, and is able to

20   choose her own activities and set her own schedule.

21   4.4.5    During the week of December 6, 2010, Defendant DSHS notified M.R.

22   that, beginning January 1, 2011, it plans to cut her personal care service hours by 21 hours per

23   month to 215 hours, a reduction of 8.9%.  M.R.'s condition has not improved since her last

24   assessment; it has worsened, as her mobility has decreased, and seizures and behavior problems

25   (including refusal to eat and outbursts) have increased.

26   4.4.6    The reduction set to take effect will require M.R. to be institutionalized in

27   a nursing home or ICF/DD, because the reduced hours will be insufficient to provide care for

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 20

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   M.R., M.R.'s mother will be forced to get another job to make ends meet, and it will be difficult

2   to find another provider and impossible to do so before January 1.  M.R. cannot be left

3   unattended for any period of time without immediate and serious adverse consequences.  If M.R.

4   enters an institutional care facility, she will deteriorate because she will lose her close family

5   connections, interaction in the community, independence, and choice.  Her behavior problems

6   and likely her physical condition will deteriorate seriously with potentially life threatening

7   consequences.

8          **4.5    Factual Allegations Related to Plaintiff S.J.**

9                 4.5.1    Plaintiff S.J. was diagnosed with Myotonic Muscular Dystrophy at age 35

10   and is now 58 years old.  In 2002, Plaintiff S.J. lost the ability to walk, and since then, she has

11   become increasingly disabled due to progressive deterioration from the disease.  Plaintiff S.J.'s

12   medical conditions also include weekly seizures, osteo and rheumatoid arthritis, sleep apnea,

13   chronic obstructive pulmonary disease, emphysema, past strokes, asthma, chronic pain, a frozen

14   shoulder, orofacial dyskinesia, Fragile X Syndrome, depression, and post-traumatic stress

15   disorder.

16                 4.5.2    Defendant DSHS deemed Plaintiff S.J. eligible for Medicaid personal care

17   services through the MPC program.  Plaintiff S.J. requires assistance with most of the activities

18   of daily living, including mobility, use of a wheelchair, turning in bed, medication management,

19   personal hygiene, toileting, getting dressed, cooking, and eating.  Plaintiff S.J.'s Individual

20   Provider, who is not related to her, also assists her with necessary therapies, including oxygen

21   therapy and range of motion exercises to prevent atrophy of her muscles, ensures that she does

22   not choke or develop pressure sores, and monitors her for seizures.  With personal care

23   assistance, Plaintiff S.J. is able to live in her own home, which enables her to maintain her sense

24   of privacy and independence, to be part of her community, and to make her own decisions

25   regarding matters such as her schedule.

26                 4.5.3    Defendant DSHS assessed Plaintiff S.J. to have a medical necessity of 162

27   personal care service hours per month.  Nonetheless, during the week of December 6, 2010,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 21

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1   Defendant DSHS notified Plaintiff S.J. that, beginning January 1, 2011, it plans to cut her

2   personal care service hours by 17 hours per month to 145 hours, a reduction of 11.5%.  These

3   cuts are in addition to other cuts made in November 2009, March 2010, and June 2010:  Since

4   the beginning of 2009, Plaintiff S.J.'s home care hours have been reduced from 180 hours to 145

5   hours per month – a total reduction of 20%.

6           4.5.4   Plaintiff S.J. has no other resources or family members to make up for the

7   reduction in needed care, and the reduction in hours will harm Plaintiff S.J.'s health and almost

8   certainly force her to move into a nursing facility.  S.J.'s Individual Provider has already notified

9   Plaintiff S.J.'s DSHS case manager that, due to reductions in her home care hours, he will no

10  longer be able to provide care for her as of January 3, 2011, and has asked that Plaintiff S.J. be

11  moved into a nursing home.  The reduced hours will not permit Plaintiff S.J. to receive adequate

12  care and would endanger S.J.'s her health and life.   Plaintiff S.J. would prefer to remain in her

13  own home, and if forced to live in an institutional setting, she will experience separation from

14  her friends and community, as well as loss of independence, autonomy, and the ability to make

15  her own choices, which will most likely negatively impact her mental and physical health.

16          **4.6     Factual Allegations Related to Plaintiff C.B.**

17          4.6.1   Plaintiff C.B. is 55 years old and has been physically disabled since 1988,

18  when she contracted a flesh-eating bacteria which eventually caused an infection that spread to

19  her vital organs.  Plaintiff C.B. has also developed many other physical conditions, including

20  spinal stenosis and shoulder problems, for which she has had surgery, congestive heart failure,

21  emphysema, Hepatitis, and nerve damage.  Plaintiff C.B. also has mental health conditions,

22  including depression, bipolar disorder, and anxiety.

23          4.6.2   Defendant DSHS deemed Plaintiff C.B. eligible for Medicaid personal

24  care services through the COPES program.  Plaintiff C.B. requires assistance with most of the

25  activities of daily living, including walking or use of a wheelchair, turning in bed, personal

26  hygiene, getting dressed, cooking, essential shopping, and cleaning.  Regular housecleaning is

27  especially necessary to preserve Plaintiff C.B.'s health due to her bacterial infection and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 22

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   emphysema. Plaintiff C.B. currently is cared for by an Agency Provider who is not related to her.

2   With personal care assistance, Plaintiff C.B. is able to live in her own home, which enables her

3   to maintain her relationships with friends and neighbors and preserves her sense of personal

4   space, control, and independence.

5         4.6.3   Defendant DSHS assessed Plaintiff C.B. to have a medical necessity of

6   133 personal care service hours per month.  Nonetheless, Defendant DSHS has notified Plaintiff

7   C.B. that, beginning January 1, 2011, it plans to cut her personal care service hours by 18 hours

8   per month to 115 hours, a reduction of 13.5%.

9         4.6.4   Plaintiff C.B. has no other resources or family members to make up for the

10  reduction in needed care, and the reduction in hours will harm Plaintiff C.B.'s health.  There will

11  be reductions in time spent maintaining personal hygiene and household cleanliness, which will

12  exacerbate Plaintiff C.B.'s health conditions.  Plaintiff C.B.'s provider also will be forced to

13  cook fewer meals and may lack time to transport Plaintiff C.B. to and from doctor's visits.

14  C.B.'s provider may also be forced to find a different job to earn sufficient income, which would

15  cause a disruption in the continuity of care.

16        4.6.5   Plaintiff C.B. faces a serious risk that she will be unable to remain in her

17  home if her home care hours are cut.  Plaintiff C.B. has had bad experiences in nursing homes,

18  which included unsanitary conditions, inadequate hygiene practices, unresponsiveness, and rigid

19  meal and medication schedules.   If Plaintiff C.B. is forced to return to an institutional setting,

20  her health will also likely deteriorate due to separation from her friends and pets.

21      **4.7**   **Factual Allegations Related to Plaintiff D.W.**

22        4.7.1   Plaintiff D.W. is 47 years old and disabled, and has been diagnosed with

23  several physical conditions, including Acquired Immunodeficiency Syndrome (AIDS),

24  Cytomegalovirus (CMV) retinitis and general loss of vision related to AIDS, heart failure related

25  to an enlarged heart, osteoarthritis resulting in problems with shoulders and knees, a

26  degenerative bone disease, testicular dysfunction, obesity, and neuropathy and edema in his feet.

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 23

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   Plaintiff D.W. has also been diagnosed with several mental health conditions, including

2   depression, frequent suicidal ideations, personality disorder, and bipolar disorder.

3           4.7.2    Defendant DSHS deemed Plaintiff D.W. eligible for Medicaid personal

4   care services through the MPC program.  Plaintiff D.W. requires assistance with most of the

5   activities of daily living, including walking, traveling to and from doctor's appointments,

6   personal hygiene, getting dressed, using the bathroom, medication management, cooking, eating,

7   essential shopping, and cleaning.  Plaintiff D.W. currently is cared for by an Agency Provider

8   who is not related to him.  With personal care assistance, Plaintiff D.W. is able to live in his own

9   home, which protects his privacy, gives him the flexibility to adjust his schedule as needed, and

10  enables him to maintain his personal relationships and the companionship of his pet dog.

11          4.7.3    Defendant DSHS assessed Plaintiff D.W. to have a medical necessity of

12  133 personal care service hours per month.  Nonetheless, Defendant DSHS has notified Plaintiff

13  D.W. that, beginning January 1, 2011, it plans to cut his personal care service hours by 18 hours

14  per month to 115 hours, a reduction of 13.5%.

15          4.7.4    Plaintiff D.W. has no other resources or family members to make up for

16  the reduction in needed care, and the reduction in hours will harm Plaintiff D.W.'s health.

17  Plaintiff D.W. is at risk of missing critical medications, falling, or choking during periods when

18  he is alone, and he will experience greater difficulty keeping doctor's appointments and engaging

19  in healthy activities.

20          4.7.5    Plaintiff D.W. faces a serious risk that he will be unable to remain in his

21  home if his home care hours are cut.  Plaintiff D.W. had a bad experience when he previously

22  lived in an adult family home, due to the loss of privacy, inflexible routine, and lack of food

23  choices.  If forced to return to an institutional care facility, Plaintiff D.W. will be isolated from

24  his friends and his pet, and the continuity of care provided by his Agency Provider will be

25  disrupted.

26

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 24

10099.1 dl216312

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1        **4.8     Factual Allegations Related to Plaintiff A.B.**

2               4.8.1    Plaintiff A.B. is 32 years old and her disabilities include Down Syndrome,

3      Mental Retardation, Multiple Sclerosis, Autism, Depression, Echolalia, and Hypothyroidism.

4      She is developmentally at the level of an eighteen month-old child, and appears in this action

5      through her mother and guardian Jane Brown.  Plaintiff A.B. is not able to appear on her own

6      behalf in this litigation.

7               4.8.2    Defendant DSHS deemed Plaintiff A.B. eligible for Medicaid personal

8      care services and in need of 185 hours per month.  Plaintiff A.B. requires assistance with most of

9      the activities of daily living, including toileting, dressing, eating, bathing, walking, and

10     medication management.  She must be monitored while eating and drinking in order to avoid

11     choking, cannot bathe herself, needs assistance with perineal care, requires subcutaneous

12     injections, cannot swallow pills, and when her Multiple Sclerosis flares up is unable to walk and

13     requires use of a catheter for a period of weeks.  A.B. also has behavior and mood issues that

14     make her care difficult and make her vulnerable to exploitation.

15              4.8.3    With personal care assistance, Plaintiff A.B. is able to live in her own

16     home, with her mother and siblings, in a familiar setting where she enjoys freedom of choice in

17     her schedule and activities and can stay connected with her religious community.  In particular,

18     A.B. enjoys quiet time with her siblings, visits with a friend, going to the park, and swimming.

19              4.8.4    Defendant DSHS has notified Plaintiff A.B. that, beginning January 1,

20     2011, it plans to cut her personal care service hours by 19 hours per month to 166 hours, a

21     reduction of 10.3%.

22              4.8.5    Plaintiff A.B. has no other resources or family members that can make up

23     for the reduction in needed care.  A.B.'s mother is disabled and physically unable to cover any

24     lost home care hours.  The reduction in hours will place A.B. at great risk of declining health

25     including skin breakdowns, illness, hospitalization, and aggravation of behavioral and mood

26     issues, as well as institutionalization.

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 25

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1    4.8.6    If A.B. were admitted to a nursing home, her medical condition and

2    quality of life would deteriorate.  She cannot communicate her needs to others, has a high risk of

3    choking that requires extensive oversight while eating or drinking, and her depression and

4    anxiety would likely be aggravated.

5    **4.9    Factual Allegations Related to Plaintiff M.B.**

6    4.9.1    Plaintiff A.B. is 28 years old and his disabilities include Down Syndrome,

7    Insulin Dependent Diabetes, Hypothyroidism, Agoraphobia, Depression, Sleep Apnea,

8    Oppositional Defiant Disorder, and Anxiety Disorder.  He has the developmental and cognitive

9    abilities of a two-year-old child.  He appears in this action through his mother and guardian Jane

10   Brown.  Plaintiff M.B. is not able to appear on his own behalf in this litigation.

11   4.9.2    Defendant DSHS deemed Plaintiff M.B. eligible for Medicaid personal

12   care services and in need of 146 hours per month.  Plaintiff M.B. requires assistance with most of

13   the activities of daily living, including toileting, dressing, eating, bathing, walking, blood glucose

14   monitoring, personal hygiene, and medication management.  He requires twice daily

15   subcutaneous injections, assistance communicating, supervision to prevent him from engaging in

16   dangerous physical activities, and monitoring while toileting and eating.  M.B. also has behavior

17   and mood issues that make his care difficult.

18   4.9.3    With personal care assistance, Plaintiff M.B. is able to live in his own

19   home, with his mother and siblings, in a familiar setting where he enjoys freedom of choice in is

20   schedule and activities and can stay connected with his religious community.  In particular, M.B.

21   enjoys looking at comic books and swimming with his siblings, and becomes agitated and scared

22   when family members are not around.

23   4.9.4    Defendant DSHS has notified Plaintiff M.B. that, beginning January 1,

24   2011, it plans to cut his personal care service hours by 20 hours per month to 126 hours, a

25   reduction of 13.7%.

26   4.9.5    Plaintiff M.B. has no other resources or family members that can make up

27   for the reduction in needed care.  M.B.'s mother is disabled and physically unable to cover any

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 26

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   lost home care hours.  The reduction in hours will place M.B. at great risk of declining health

2   including skin breakdowns, illness, hospitalization, and aggravation of behavioral and mood

3   issues, as well as institutionalization.

4           4.9.6   If M.B. were admitted to a nursing home, his agoraphobia, depression,

5   anxiety, and Oppositional Defiance Disorder would cause serious negative social and

6   psychological ramifications and his quality of life would suffer.

7       **4.10    Factual Allegations Related to Plaintiff An.B.**

8           4.10.1  Plaintiff An.B. is 26 years old and his disabilities include Cerebral Palsy,

9   Mental Retardation, Epilepsy and Enocarditis.  He is developmentally and cognitively

10  approximately 10 to 12 years old.  He appears in this action through his mother and guardian

11  Jane Brown.  Plaintiff An.B. is not able to appear on his own behalf in this litigation.

12          4.10.2  Defendant DSHS deemed Plaintiff An.B. eligible for Medicaid personal

13  care services and in need of 82 hours per month.  Plaintiff An.B. requires assistance with

14  activities of daily living including toileting, bathing, monitoring for seizures, and obtaining

15  emergency assistance.  His cognitive challenges require assistance in making decisions,

16  navigating outside his home, and staying safe.  An.B. also has behavior and mood issues that

17  make his care difficult.

18          4.10.3  With personal care assistance, Plaintiff An.B. is able to live in his own

19  home, with his mother and siblings, in a familiar setting where he enjoys freedom of choice in

20  his schedule and activities and can stay connected with his religious community.  In particular,

21  An.B. enjoys being the "big brother" and helping his mother around the house, as well as taking

22  care of the family pets.

23          4.10.4  Defendant DSHS has notified Plaintiff A.B. that, beginning January 1,

24  2011, it plans to cut his personal care service hours by 14 hours per month to 68 hours, a

25  reduction of 17.1%.

26          4.10.5  Plaintiff An.B. has no other resources or family members that can make up

27  for the reduction in needed care.  An.B.'s mother is disabled and physically unable to cover any

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 27

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1    lost home care hours.  The reduction in hours will place An.B. at great risk of declining health

2    including skin breakdowns, illness, hospitalization, and aggravation of behavioral and mood

3    issues, as well as institutionalization.

4         4.10.6  If An.B. were admitted to a nursing home, his condition and quality of life

5    would deteriorate.  His inability to use his arm, uncertain gait, short-term memory loss, and

6    seizures demand constant monitoring that he would not likely obtain in a care facility, and his

7    quality of life would decline.

8         **4.11     Factual Allegations Related to Plaintiff J.B.**

9         4.11.1  Plaintiff J.B. is 24 years old and her disabilities include Down Syndrome,

10   Sleep Apnea, Depression, Cataracts, Anxiety Disorder, and hearing loss.  She is developmentally

11   and cognitively between three and six years of age, and appears in this action through her mother

12   and guardian Jane Brown.  Plaintiff J.B. is not able to appear on her own behalf in this litigation.

13        4.11.2  Defendant DSHS deemed Plaintiff J.B. eligible for Medicaid personal care

14   services and in need of 82 hours per month.  Plaintiff J.B. requires assistance with many of the

15   activities of daily living, including toileting, dressing, maintaining personal hygiene, eating, and

16   bathing.  She cannot bathe herself, needs assistance with perineal care and CPAP operation,

17   needs help with medication management, and requires assistance with communication.  J.B. also

18   has behavior and mood issues that make her care difficult.

19        4.11.3  With personal care assistance, Plaintiff J.B. is able to live in her own

20   home, with her mother and siblings, in a familiar setting where she enjoys freedom of choice in

21   her schedule and activities and can stay connected with her religious community.  In particular,

22   J.B. enjoys helping around the house with chores and cooking breakfast, writing from books,

23   drawing pictures, and performing to entertain her family.

24        4.11.4  Defendant DSHS has notified Plaintiff J.B. that, beginning January 1,

25   2011, it plans to cut her personal care service hours by 14 hours per month to 68 hours, a

26   reduction of 17.1%.

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 28

10099.1 dl216312

1      4.11.5  Plaintiff J.B. has no other resources or family members that can make up

2  for the reduction in needed care.  J.B.'s mother is disabled and physically unable to cover any

3  lost home care hours.  The reduction in hours will place J.B. at great risk of declining health

4  including skin breakdowns, illness, hospitalization, and aggravation of behavioral and mood

5  issues, as well as institutionalization.

6      4.11.6  If J.B. were admitted to a nursing home, her medical condition and quality

7  of life would deteriorate.  The disruption would likely trigger her depression and anxiety and

8  increase her aggressive and inappropriate behavior, and she would not likely be supervised to

9  keep her safe.

10      **4.12    Factual Allegations Related to Plaintiff K.S.**

11      4.12.1  Plaintiff K.S. is 59 years old and disabled.  K.S. has very limited mobility

12  because she has had knee and hip replacement, and she also has several medical and psychiatric

13  conditions including diabetes, congenital glaucoma, macular degeneration, clinical depression,

14  schizo-effective disorder, obsessive-compulsive disorder, paranoia, and chronic insomnia.

15      4.12.2  Defendant DSHS deemed Plaintiff K.S. eligible for Medicaid personal

16  care services through the COPES program.  Plaintiff K.S. requires assistance with most of the

17  activities of daily living, including moving about her home, personal hygiene, getting dressed,

18  using the bathroom, medication management, meal planning and cooking, essential shopping,

19  and cleaning.

20      4.12.3  Plaintiff Staudenmayer currently is cared for by two Agency Providers

21  who are not related to her.  With personal care assistance, Plaintiff K.S. is able to live in her own

22  apartment, which gives her a sense of independence and protects her privacy.  Regular

23  interaction with her providers also provides Plaintiff K.S. with peace of mind.

24      4.12.4  Defendant DSHS assessed Plaintiff K.S. to have a medical necessity of

25  133 personal care service hours per month.  Nonetheless, Defendant DSHS has notified Plaintiff

26  K.S. that, beginning January 1, 2011, it plans to cut her personal care service hours by 18 hours

27  per month to 115 hours, a reduction of 13.5%.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 29

1        4.12.5  Plaintiff K.S. has no other resources or family members to make up for the

2  reduction in needed care, and the reduction in hours will harm Plaintiff K.S.'s health.  Plaintiff

3  K.S. is at risk of missing critical medications and falling, and will be by herself for days in a row

4  without any provider checking to see that she is okay.

5        4.12.6  Plaintiff K.S. faces a serious risk that she will be unable to remain in her

6  home if her home care hours are cut.  Plaintiff K.S. has had bad experiences when she previously

7  lived in an adult group home, which made her feel that she lost her independence and dignity.

8  Plaintiff K.S. believes that her mental health condition will deteriorate if she is forced to return to

9  living in an adult group home.

10      **4.13**    **Factual Allegations Related to Plaintiff T.M.**

11        4.13.1  Plaintiff T.M., who is 38 years old, appears in this action through his

12  mother, legal guardian, and next friend, Donna Hays, who is also T.M.'s Individual Provider.

13  Plaintiff T.M. is not able to appear on his own behalf in this litigation.

14        4.13.2  Plaintiff T.M. has Down Syndrome; visual, speech, and hearing

15  impairments; and Gout.  He has no fine motor skills and the mental development of a seven to

16  nine year old child.

17        4.13.3  Defendant DSHS deemed Plaintiff T.M. eligible for Medicaid personal

18  care services and assessed him to have a medical necessity of 83 hours per month of personal

19  care services.  Plaintiff T.M. requires assistance with many of the activities of daily living,

20  including hygiene, toileting, dressing, meal preparation, eating, medication management,

21  transportation, shopping, and housework.  With personal care assistance, Plaintiff T.M. is able to

22  live in his own home, which enables him to maintain close relationships with his siblings and

23  other relatives, spend time with friends and neighbors, and attend church and other community

24  outings.

25        4.13.4  During the week of December 6, 2010, Defendant DSHS notified Plaintiff

26  T.M. that, beginning January 1, 2011, it plans to cut his personal care service hours by 14 hours

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 30

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   per month to 69 hours, a reduction of 16.8%.  This reduction is in addition to 13 hours of cuts in

2   2009.

3           4.13.5  The reduction set to take effect will place T.M. at serious risk of

4   institutionalization, because the reduced hours will be insufficient to provide care for T.M.

5   sufficiently to control his behavioral and emotional swings, and his family does not have

6   resources to replace these hours.  If T.M. enters an institutional care facility, he will deteriorate.

7   His speech and hearing impairment make it very difficult for him to communicate with others

8   and for people to understand him and it is very likely that T.M. will become contrary, get

9   confused, quit talking, sulk, and isolate himself.  He will also miss being close to his family and

10  be unable to participate in community and social activities in the outside world, resulting in

11  serious depression.

12          **4.14    Factual Allegations Related to Plaintiff A.R.**

13          4.14.1  Plaintiff A.R., who is 63 years old, appears in this action through her

14  mother and next friend, Lucille Frederick, who has power of attorney over her affairs.

15          4.14.2  Plaintiff A.R. is severely disabled due to several strokes.  She is paralyzed

16  on her right side and blind in her right eye, and requires total assistance with her regular daily

17  activities (such as bathing, cooking, eating, moving, exercising, and toileting).

18          4.14.3  Plaintiff A.R. is not able to appear on her own behalf to litigate this action

19  because she also suffers from aphasia and memory problems, which prevent her from

20  understanding the nature of the action or communicating about it with others.

21          4.14.4  Defendant DSHS deemed Plaintiff A.R. eligible for Medicaid personal

22  care services through the COPES program.  Plaintiff A.R. receives home care services from a

23  combination of Independent and Agency Providers.

24          4.14.5  Defendant DSHS assessed Plaintiff A.R. to have a medical necessity for

25  323 hours of personal care services a month.  Nonetheless, Defendant DSHS has notified A.R.

26  that, effective January 1, 2011, it plans to cut her personal care service hours by 14 hours per

27  month, a reduction of 4%.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 31

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1    4.14.6  Because Plaintiff A.R. cannot get out of bed, walk, or exercise without

2    assistance from a home care provider, if her personal care services hours are reduced, there is a

3    grave risk that she will be forced either to enroll in a nursing home or to go without needed

4    services, which will result in serious health deterioration.  There is also a serious risk that A.R.'s

5    providers will have to quit in order to find employment that provides sufficient income, and that

6    Ms. Frederick will be unable to find home care providers who are strong enough to lift A.R. and

7    provide the mobility and exercise assistance necessary to preserve her health.

8    4.14.7  If Plaintiff A.R. is forced to enroll in a nursing home, she will be separated

9    from her loved ones and suffer a loss of autonomy, and there is a serious risk of depression and

10   further deterioration of her mental function.

11       **4.15    Factual Allegations Related to Plaintiff M.J.B.**

12   4.15.1  Plaintiff M.J.B. is 94 years old and appears in this action through her niece

13   and next friend, Karen Paolino, who has power of attorney over her affairs.  Plaintiff M.J.B. is

14   not able to appear on her own behalf in this litigation.

15   4.15.2  Plaintiff M.J.B. is blind and suffers from dementia, Parkinson's disease,

16   chronic obstructive pulmonary disease, congestive heart failure, and diabetes.  Plaintiff M.J.B.

17   cannot live independently without assistance with activities of daily living, including eating,

18   cooking, walking, using the bathroom, and managing her medications.

19   4.15.3  Defendant DSHS deemed Plaintiff M.J.B. eligible for Medicaid personal

20   care services through the COPES program.  Ms. Paolino works as the primary personal care

21   provider for M.J.B. seven days a week.  Personal care assistance enables Plaintiff M.J.B. to stay

22   in the home she has lived in for many years, close to her loved ones and with the company of her

23   pet cats.

24   4.15.4  Defendant DSHS assessed Plaintiff M.J.B. to have a medical necessity for

25   184 hours of personal care services a month.  Nonetheless, Defendant DSHS has notified M.J.B.

26   that, beginning January 1, 2011, it plans to cut her personal care service hours by 18 hours per

27   month, a reduction of 10%.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 32

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

4.15.5  If this reduction takes effect, Plaintiff M.J.B. will have to go into a nursing home, because M.J.B. needs more than 166 hours per month of care, Ms. Paolino will be unable to care for M.J.B. beyond the allotted hours, and Ms. Paolino will likely be forced to stop working as M.J.B.'s personal care provider because she will not earn sufficient income to support her aunt and her own household.

4.15.6  While moving Plaintiff M.J.B. to a nursing home may be the only option, this would have a devastating impact on M.J.B.  Moving out of her home to a new location would be very difficult for her because she is blind and elderly.  There is also a serious risk that M.J.B.'s mental condition will deteriorate if she is separated from her loved ones and pets, and is instead cared for by providers or nursing home staff with whom she is unfamiliar.

**4.16    Factual Allegations Related to Plaintiff J.H.**

4.16.1  Plaintiff J.H. is 70 years old, and has disabilities due to a series of strokes suffered seven years ago.  He appears in this action through his next friend and former Independent Provider, Donna Hayes, who has power of attorney over his affairs.  Plaintiff J.H. is not able to appear on his own behalf in this litigation.

4.16.2  The strokes left J.H. paralyzed on his left side and unable to breathe without a breathing machine.  J.H. is also a diabetic who requires frequent blood sugar monitoring, is hypertensive and has skin problems.  He additionally has Alzheimer's Disease, chronic heart disease, Osteoarthritis, and cannot live independently.

4.16.3  Defendant DSHS deemed Plaintiff J.H. eligible for Medicaid personal care services through the COPES program.  Plaintiff J.H. requires assistance with most of the activities of daily living, including meal preparation, eating (often including spoon feeding), transportation to medical appointments, housework, management, insulin injections, blood pressure monitoring, dressing, personal hygiene and bathing, range of motion exercises, getting into bed, positioning in bed, walking/locomotion within the home, application of lotion and ointment, essential shopping, and toileting including frequent clean-up from accidents.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 33

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1    4.16.4  Defendant DSHS assessed Plaintiff J.H. to have a medical necessity of

2    176 personal care service hours per month.  Nonetheless, during the week of December 6, 2010,

3    Defendant DSHS notified Plaintiff J.H. that beginning January 1, 2011, it plans to cut his

4    personal care service hours by 16 hours per month to 158 hours, a reduction of 10.3%.

5    4.16.5  Because of this impending reduction, Ms. Hayes was forced to arrange for

6    J.H. to enter a nursing home on December 14.  J.H. did not want to go into a nursing home.

7    However, it is not possible to provide a safe level of care for J.H. in 158 hours per month, and

8    Ms. Hayes could not afford to provide the level of unpaid care that would be necessary to keep

9    him safe.

10   **4.17    Factual Allegations Related to Plaintiff H.C.**

11   4.17.1  Plaintiff H.C. is a 92-year-old World War II veteran who has Alzheimer's

12   Disease, chronic heart disease, and osteoarthritis.  His cognitive impairment causes short term

13   memory problems, disorientation, and delayed recall.  He appears in this action through his son

14   and guardian Lee Chatwin.  Plaintiff H.C. is not able to appear on his own behalf in this

15   litigation.

16   4.17.2  Defendant DSHS deemed Plaintiff H.C. eligible for Medicaid personal

17   care services through the COPES program.  Plaintiff H.C. requires assistance with most of the

18   activities of daily living, including eating, toileting (including frequent incontinence), bathing

19   (requiring physical support as well as assistance in washing), maintaining personal hygiene,

20   dressing, walking, and medication management.  He is susceptible to falling, he requires daily

21   and sometimes more frequent oxygen administration, and his behavior and mood issues create

22   additional challenges in providing care

23   4.17.3  With personal care assistance, Plaintiff H.C. is able to live in his own

24   home, which enables her to maintain his autonomy and avoid the disorientation caused by new

25   situations and people.

26   4.17.4  Defendant DSHS assessed Plaintiff H.C. to have a medical necessity of

27   116 personal care service hours per month.  Nonetheless, Defendant DSHS has notified Plaintiff

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 34

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   H.C. that, beginning January 1, 2011, it plans to cut his personal care service hours by 16 hours

2   per month to 100 hours, a reduction of 13.8%.

3          4.17.5  Plaintiff H.C. has no other resources or family members to make up for

4   the reduction in needed care, and the reduction in hours will force H.C.'s son to move him into a

5   nursing home within a matter of months.  Nursing home entry will diminish H.C.'s quality of life

6   because he will lose daily contact with the son he recognizes and loves, enjoy less autonomy and

7   fewer choices, and experience more memory loss and disorientation when faced with new

8   situations and changing caregivers.

9         **4.18**    **Factual Allegations Related to Plaintiff The Arc of Washington State**

10          4.18.1  Plaintiff The Arc is a non-profit organization with the mission of

11   advocating for the rights of individuals with developmental disabilities.

12          4.18.2  The Arc advocates that all people with developmental disabilities have a

13   right to live in communities of their choosing and be fully included with people who do not have

14   disabilities, and that the Medicaid program must provide funding to ensure that such individuals

15   have adequate supports to make that community living possible.

16          4.18.3  The members of The Arc include individuals with developmental

17   disabilities, their families, professionals, and other members of the community concerned about

18   protecting the rights of people with developmental disabilities.  Among those members are

19   individuals who receive Medicaid in-home personal care services and whose personal care hours

20   will be reduced by ten percent effective January 1, 2011, as well as the parents or guardians of

21   such individuals.

22          4.18.4  The Arc brings this suit on behalf of its members who will be injured if

23   recipients of in-home personal care services have their hours of service reduced.  These members

24   would have standing to sue in their own right, and their personal participation in this litigation is

25   not necessary.

26

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 35

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1    **4.19    Factual Allegations Related to Plaintiff SEIU**

2    4.19.1  Plaintiff SEIU is an unincorporated association with members that include

3    approximately 39,000 Independent Providers and Agency Providers in Washington State who

4    provide in-home personal care services through the MPC, COPES, and/or other programs.

5    4.19.2  Some members of SEIU provide services for their adult children, siblings,

6    parents, or other family members for whom they also serve as guardians.

7    4.19.3  SEIU participates at every level in policy setting around long term care in

8    Washington State, including active work with the Legislature and as a stakeholder in Executive

9    and Department of Social and Health Services project work.

10   4.19.4  SEIU has for decades been an advocate for increased access to and quality

11   of in-home personal care services for all recipients, including representing the interests of its

12   members who are guardians of in-home personal care services recipients.

13   4.19.5  It is part of SEIU's mission to advocate for the needs of home care

14   providers and clients in the Washington State personal care services program.

15   4.19.6  SEIU brings this suit on behalf of its members who will lose income when

16   the hours of service they provide are reduced.

17   4.19.7  SEIU also brings this suit on behalf of its members who will be injured if

18   recipients of in-home personal care services (including recipients whose guardians are SEIU

19   members) have their hours of service reduced.  These members would have standing to sue in

20   their own right, and their personal participation in this litigation is not necessary.

21   **4.20    Factual Allegations Related to Plaintiff PSARA**

22   4.20.1  Plaintiff PSARA is a nonprofit association and an affiliate of the national

23   Alliance for Retired Americans and the Washington Alliance for Retired Americans.

24   4.20.2  The mission of the PSARA is to ensure social and economic justice and

25   full civil rights for all individuals so that they may enjoy lives of dignity, personal and family

26   fulfillment, and security.  That includes promoting policies that support the availability of

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 36

10099.1 dl216312

1    publicly funded, high quality home and community-based services, which enable aging

2    individuals to live in dignity in their own homes and avoid unwanted nursing home entry.

3           4.20.3   PSARA has approximately 1,000 members, primarily in the Puget Sound

4    area, who pay membership dues.  Some of PSARA's members will be affected by the 10% cut to

5    home-based personal care services that is set to take effect on January 1, 2011, because they

6    receive such services, their hours of service will be reduced, and that reduction will have adverse

7    effects on their physical, mental, and/or financial well being.

8           4.20.4   PSARA brings this suit on behalf of its members who will be injured if

9    recipients of in-home personal care services (including recipients whose guardians are PSARA

10    members) have their hours of service reduced.  These members would have standing to sue in

11    their own right, and their personal participation in this litigation is not necessary.

12    **4.21    Class Action Allegations**

13           4.21.1   Beneficiary Plaintiffs, including Plaintiffs M.R., S.J., C.B., D.W., A.B.,

14    M.B., An.B, J.B., K.S., T.M., A.R., M.J.B., J.H., H.C., (hereinafter "Representative Plaintiffs")

15    bring the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for declaratory and

16    injunctive relief on behalf of themselves and the following Plaintiff Class of all other persons

17    similarly situated, defined as:

18
19        Medicaid-eligible individuals in the State of Washington living at home who were
        assessed to need personal care services based upon individualized CARE
        assessments of their needs and who received these Medicaid services in
20        accordance with their assessment until DSHS reduced their services to below their
        level of need for budgetary reasons alone on January 1, 2011.

21           4.21.2   Beneficiary Plaintiffs, including Plaintiffs M.R., S.J., C.B., D.W., A.B.,

22    M.B., An.B, J.B., K.S., T.M., A.R., M.J.B., J.H., H.C., bring the Eighth Claim for declaratory

23    and injunctive relief on behalf of themselves and the following Plaintiff Subclass of all other

24    persons similarly situated, defined as:

25        All recipients of home care services in the State of Washington who receive home
        care services through a Section 1915(c) or 1915(d) waiver program, or who
26        receive home care services under the State Plan but are also be eligible to receive
        such services through a Section 1915(c) or (d) waiver program, including, but not
27        limited to, through the Community Options Program Entry System ("COPES"),

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 37

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

the Medically Needy In Home Waiver ("MNIH"), and various waivers operated by the Division of Developmental Disabilities ("DDD") for individuals who qualify for care in an Intermediate Care Facility for the Mentally Retarded ("ICF-MR").

4.21.3  This action is properly maintained as a class action under Civil Rule 23(a) and (b)(2).

4.21.4  There are in excess of 35,000 persons in the Class and Subclass.  The Class and Subclass are so numerous that joinder of all members is impracticable.

4.21.5  There are questions of law and fact common to the Class and Subclass related to the termination, reduction, or delay of their Medicaid benefits, which is a system wide policy or practice that affects all Class and Subclass members.  These common questions include:

4.21.5.1    Do Defendants' budget-based reduction of in-home personal care Medicaid services to which Plaintiffs were individually assessed to need and qualify, effective January 1, 2011, without individualized CARE reassessments, their provision of a misleading and inaccurate notice, their failure to transition Plaintiffs to adequate replacement Medicaid services, and their failure to provide due process notice and an opportunity to pre-cut fair hearing, deny Plaintiffs their constitutionally protected right to due process guaranteed by 42 U.S.C. § 1983, the Fourteenth Amendment to the Constitution, and the Medicaid program, Title XIX of the Social Security Act, Title 42 § 1396a, *et seq.*, and its implementing regulations?

4.21.5.2    Do Defendants' reduction of Plaintiffs' Medicaid long-term care services provided at home through the MPC, COPES, MNIW, DDD, and other Medicaid programs condition the receipt of required Medicaid services on segregation in a nursing home or other institutional facility and violate the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") which prohibit discrimination on the basis of disability and unjustified institutionalization and require Defendants to administer services and programs in the most integrated setting appropriate to the needs of the individual with disabilities?

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 38

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1          4.21.5.3    Do Defendants' elimination or reduction of Plaintiffs'

2  Medicaid long term care services provided at home through the MPC, COPES, MNIW, DDD,

3  and other Medicaid programs to levels *below* their individually assessed need for services violate

4  the Medicaid Act's requirements of reasonable standards, sufficiency, comparability, free choice,

5  and CMS approval of plan and waiver amendments?

6          4.21.6  The claims of Representative Plaintiffs are typical of the claims of the

7  Class and Subclass.  Representative Plaintiffs are Washington State residents and qualified

8  persons with disabilities who seek to remain living in their homes and receive the Medicaid

9  skilled nursing and rehabilitation services they require.

10          4.21.7  Representative Plaintiffs will fairly and adequately protect the interests of

11  all Class and Subclass members.

12          4.21.8  Representative Plaintiffs are members of the Class and Subclass, their

13  ability to remain in their homes, where they prefer to live, is at stake in this action, as is their

14  ability to receive the Medicaid services they require after January 1, 2011.  Their interests are

15  coincident with, and not antagonistic to, those of the other members of the Class and Subclass.

16          4.21.9  Representative Plaintiffs have retained counsel experienced with the

17  relevant civil rights, disability and Medicaid law and class action litigation.

18          4.21.10     Prosecution of separate actions by individual Class and Subclass

19  members would create a risk of inconsistent or varying adjudications with respect to individual

20  Class and Subclass members or could as a practical matter be dispositive of the interests of the

21  other members or substantially impair or impede their ability to protect their interests.

22          4.21.11     The Defendant's actions have affected and will affect the class

23  generally, thereby making appropriate final and injunctive and declaratory relief with respect to

24  the Class and Subclass as a whole.

25

26

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 39

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1

## V.   CAUSES OF ACTION

2   **5.1   VIOLATION OF DUE PROCESS RIGHTS (First Claim for Relief)**

3   5.1.1   Plaintiffs are Medicaid-eligible individuals who have been found by

4   DSHS to qualify for in-home personal care services provided under the Department's MPC,

5   COPES, MNIW, DDD, and other Medicaid programs.

6   Each of the Plaintiffs have been assessed by DSHS to require nursing facility level of

7   services, or they would qualify for nursing facility level of services, if assessed.  The Plaintiffs

8   have chosen to live at home, in the most integrated setting appropriate to their needs and

9   circumstances, in reliance upon DSHS's award of a certain number of in-home personal care

10   service hours a month, as generated by the individualized CARE assessment process.

11   5.1.2   Plaintiffs are entitled to long-term personal care Medicaid services,

12   including nursing facility care, consistent with the requirements identified in the federal law and

13   the State Medicaid Plan.

14   5.1.3   Plaintiffs, as Medicaid recipients, are entitled to continued Medicaid

15   benefits in the amount awarded until they are found to be ineligible.  42 CFR 435.930(b).  After

16   notice, if a beneficiary requests a hearing, those benefits cannot be denied until after a fair

17   hearing.  42 CFR 431.230.

18   5.1.4   Defendants issued a misleading and inaccurate notice reducing Plaintiffs'

19   home-based personal care Medicaid services, failed to transition Plaintiffs to adequate

20   replacement services in the community or in institutional settings, and reduced the Medicaid

21   services for which they were assessed to qualify and received, without conducting reassessments

22   of the Plaintiffs or their eligibility for services, without timely and adequate notice detailing the

23   reasons for the proposed action, without continued benefits pending a pre-termination hearings,

24   and without fair and impartial pre-termination hearings, in violation of their constitutionally

25   protected right to due process guaranteed by 42 U.S.C. § 1983, the Fourteenth Amendment to the

26   Constitution, and the Medicaid program, Title XIX of the Social Security Act, Title 42 § 1396a,

27   *et seq.*, and its implementing regulations.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 40

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

**5.2     DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (Second Claim for Relief)**

5.2.1    Plaintiffs are individuals with disabilities in that they have physical, mental or other impairments that substantially limit one or more of their major life activities, including, but not limited to walking, speaking, standing, and engaging in activities of daily living.

5.2.2    Plaintiffs are qualified persons with disabilities in that they are capable of safely living at home and in other community-based residential settings and they meet the essential eligibility requirements for the receipt of services from and participation in the State Medicaid program with reasonable modification to the rules, policies, and practices of that program. 42 U.S.C. § 12131(2).

5.2.3    Without reasonable modification of the rules, policies, and procedures governing the Washington Medicaid program, Plaintiffs will be forcibly isolated and segregated in harmful institutional settings against their will.

5.2.4    Defendants' termination or reduction of Medicaid in home personal care services deprives Plaintiffs of services that Plaintiffs require to avoid segregation in an institution and remain at home, the most integrated residential setting that appropriate to their needs, and so constitutes unlawful discrimination in violation of Title II of the ADA, 42 U.S.C. §§ 12132 *et seq*., and its implementing regulation, 28 C.F.R. § 35.130(d).

5.2.5    By failing to make reasonable modifications to the policies, practices, or procedures governing the provision of Medicaid services in Washington State to ensure they are provided in the most integrated setting appropriate to the needs of disabled people, Defendants discriminated against the Plaintiffs because of their disability, in violation of Section II of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, *et seq*.

5.2.6    Defendants have utilized criteria and methods of administration that subject Plaintiffs to discrimination on the basis of disability, including unnecessary institutionalization, by (1) failing to assess the services that would enable Plaintiffs to remain at

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 41

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1   home or in the community, (2) failing to ensure that Plaintiffs have access to Medicaid-covered

2   services that will meet their needs at home or in the community, and (3) compelling personal

3   care providers to stop working through these programs designed to keep people at home or in the

4   community, in violation of Title II of the ADA and implementing regulations.

5       **5.3      DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE**

6               **REHABILITATION ACT  (Third Claim for Relief)**

7               5.3.1    Plaintiffs are "qualified person[s] with disabilities" within the meaning of

8   Section 504 because they have physical, mental or other impairments that substantially limit one

9   or more of their major life activities, and they meet the essential eligibility requirements for

10  Washington's State Medicaid program.

11              5.3.2    Defendants' termination or reduction of Medicaid in home personal care

12  services that Plaintiffs require to avoid segregation in an institution and remain at home, the most

13  integrated residential setting that are appropriate to their needs, constitutes unlawful

14  discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) and its

15  implementing regulation, 28 C.F.R. § 41.51(d).

16              5.3.3    Defendants have utilized criteria and methods of administration that

17  subject Plaintiffs to discrimination on the basis of disability, including unnecessary

18  institutionalization, by (1) failing to assess the services that would enable Plaintiffs to remain at

19  home or in the community, (2) failing to ensure that Plaintiffs have access to Medicaid-covered

20  services that will meet their needs at home or in the community, and (3) compelling personal

21  care providers to stop working for programs designed to keep people at home or in the

22  community, in violation of Section 504 and its implementing regulations.

23      **5.4      VIOLATION OF MEDICAID SUFFICIENCY REQUIREMENT (Fourth**

24              **Claim for Relief)**

25              5.4.1    Under federal Medicaid requirements, states must provide "sufficient"

26  benefits. That is, "[e]ach service must be sufficient in amount, duration, and scope to reasonably

27  achieve its purpose."  42 C.F.R. § 440.230(b).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 42

**MACDONALD HOAGUE & BAYLESS**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1        5.4.2   By reducing home care services to individuals for whom such services

2    have been deemed necessary pursuant to an individual care plan approved by the state,

3    Defendants have caused these Medicaid services to be insufficient to fulfill the purpose of the

4    Medicaid benefit.

5        5.4.3   The reduction in home care services is inconsistent with the federal law

6    and preempted by the Supremacy Clause of the U.S. CONST., art. IV.

7        **5.5   VIOLATION OF MEDICAID REASONABLE STANDARDS**

8        **REQUIREMENT (Fifth Claim for Relief)**

9        5.5.1   Federal Medicaid law requires participating states to establish reasonable

10   standards, consistent with the objectives of the Medicaid Act, for determining the extent of

11   covered services.  See 42 U.S.C. § 1396a(a)(17).

12       5.5.2   Defendants' reduction of in home personal care services is arbitrary, based

13   on budgetary needs rather than the needs of the individual recipients, and will result in

14   authorized hours that are less than those set forth in the individual care plans approved by

15   Defendants.

16       5.5.3   These reductions are inconsistent and in conflict with the reasonable

17   standards requirements of the federal Medicaid Act, 42 U.S.C. §1396a(a)(17), and interpretive

18   federal guidelines, and are thus preempted by the Supremacy Clause of the United States

19   Constitution, art. IV.

20       **5.6   VIOLATION OF MEDICAID COMPARABILITY REQUIREMENT (Sixth**

21       **Claim for Relief)**

22       5.6.1   Under federal Medicaid requirements, states must provide comparable

23   benefits, i.e., benefits that are equal in "amount, duration and scope," to all categorically needy

24   Medicaid beneficiaries. 42 U.S.C. § 1396a (a)(10)(B)(ii); 42 C.F.R. § 440.240(a), (b)(1).

25   Categorically needy Medicaid beneficiaries are beneficiaries who, in most cases, receive cash

26   public assistance to meet basic needs.

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 43

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1    5.6.2   The Medicaid Act also requires states to provide comparable benefits to

2    all medically needy Medicaid beneficiaries.  42 U.S.C. § 1396a (a)(10)(B)(ii); 42 C.F.R. §§

3    440.240 (b)(1).  Medically needy Medicaid beneficiaries are beneficiaries who do not receive

4    cash public assistance because they have income or resources in excess of the requirements for

5    receipt of such assistance, but who nevertheless meet categorical requirements for such

6    assistance, e.g., they are over age 65, blind, or disabled.

7    5.6.3   States may provide benefits to the medically needy that are less in amount,

8    duration and scope than benefits to the categorically needy, but Washington has not elected to do

9    so.

10   5.6.4   Therefore (with certain exceptions for some groups not relevant here),

11   Defendants must provide benefits under the State Medicaid program that are equal in amount,

12   duration and scope to all eligible beneficiaries.  The only permissible basis for distinguishing

13   among such beneficiaries is differing levels of need.

14   5.6.5   The in home personal care services reductions are across-the-board hours

15   cuts that are not based on, and in fact are contrary to, individual needs assessments as embodied

16   in the individual care plans approved by Defendants.

17   5.6.6   These reductions violate Medicaid's comparability requirement, 42 U.S.C.

18   § 1396a(a)(10)(B)(i).

19   5.6.7   Defendants' actions deprive Plaintiffs and members of the Plaintiff Class

20   of rights, privileges or immunities secured to them by the Constitution of the United States, in

21   violation of 42 U.S.C. § 1983, and are preempted by the Supremacy Clause of the U.S. CONST.,

22   art. IV.

23   **5.7    VIOLATION OF MEDICAID REQUIREMENT OF CMS APPROVAL**

24   **(Seventh Claim for Relief)**

25   5.7.1   When a State makes material changes in its operation of the Medicaid

26   program, it must submit a plan amendment to CMS for approval and may not implement that

27   amendment until it is approved.  42 CFR §§ 430.12, 430.20, 447.256.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 44

10099.1 dl216312

1    5.7.2    Whenever the State applies for a Medicaid waiver, it certifies that it will

2    submit "[a]ny proposed changes" to the waiver program to CMS for approval as "waiver

3    amendments." *See, e.g.,* "Application for a §1915(c) Home and Community-Based Services

4    Waiver" submitted by State of Washington, April 1, 2009 for "Copes Renewal 2009," Section 8.

5    5.7.3    In the State Plan and each home care waiver program, Defendants certify

6    that Washingotn uses either the CARE tool of the SIS tool.  The CARE and SIS tools apply

7    specific and uniform standards and algorithms to determine each recipient's home care hours

8    based on individualized assessments of need.  The functions, elements and scoring mechanisms

9    of the CARE tool are provided for with specificity in the Washington State Administrative Code

10    (WAC).  WAC 388-106-0130, 388-106-0135, 388-106-0140, 388-440-0001.  The WACs

11    governing the CARE tool do not permit Defendants to change a recipient's home care hours

12    based for purely budgetary reasons.

13    5.7.4    By introducing budget cuts as a basis for determining each recipient's

14    home care hours, as opposed to using the needs-based CARE or SIS tool assessments, the State

15    has made a significant change that is not reflected in the State Plan or its waivers.

16    5.7.5    Defendants' reduction of in home personal care services below assessed

17    need materially modifies the provisions of the State Plan which, among other things, set forth

18    that an "individualized plan of care" for home and community based services consumers is

19    established based on an "independent assessment" that is "developed by a person-centered

20    process in consultation with the individual" and "other appropriate individuals," and that this

21    plan of care "[i]dentifies the State plan HCBS necessary for the individual, and furnishes . . . all

22    HCBS which the individual needs."  Washington State Medicaid Plan, Supplement 4 to

23    Attachment 3.1-A, at 11.

24    5.7.6    Defendants have not submitted plan or waiver amendments regarding the

25    reduction of in home personal care services to CMS, and have not awaited CMS approval before

26    implementing that reduction.

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 45

1       5.7.7   Defendants' implementation of personal care hours reductions violate the

2   requirement that the State submit material plan and waiver changes to CMS and refrain from

3   implementing such changes before CMS approval, and are thus preempted by the Supremacy

4   Clause of the United States Constitution, art. IV.

5      **5.8**    **VIOLATION OF MEDICAID REQUIREMENT OF FREEDOM TO**

6             **CHOOSE BETWEEN INSTITUTIONAL OR HOME- AND**

7             **COMMUNITY-BASED SERVICES (Eighth Claim for Relief)**

8       5.8.1   Defendants are permitted to provide home care services to Plaintiffs who

9   would otherwise be eligible for institutional care, through the MPC as well as Section 1915(c)

10   and/or 1915(d) waiver programs, including, but not limited to, MNIH, and various DDD waivers.

11       5.8.2   Most, if not all, Plaintiffs who receive home care services through the

12   State Plan are also eligible for home care services under a Section 1915(c) or (d) waiver

13   program, and it is Defendants who elect to provide home care services to those Plaintiffs through

14   the State Plan instead of a waiver program.

15       5.8.3   Pursuant to 42 U.S.C. §1396n(c)(2)(C), the State was required, as a

16   condition of receiving the Section 1915(c) waivers, to assure that individuals likely to require the

17   level of care provided in hospitals, nursing facilities, or ICF-MRs "are informed of the feasible

18   alternatives" to institutional care that are available under the waiver "at the choice of such

19   individual."

20       5.8.4   Pursuant to 42 C.F.R. § 441.302(d), each individual who is determined to

21   be likely to require the level of care provided in a hospital, nursing facility, or ICF-MR must be

22   "(1) informed of any feasible alternatives available under the waiver; and (2) given the choice of

23   either institutional or home and community based services." 42 C.F.R. §441.302(d).

24       5.8.5   Pursuant to 42 U.S.C. § 1396n(d)(2)(C), the State was required, as a

25   condition of receiving the Section 1915(d) waivers, to assure that individuals 65 years of age or

26   older who are likely to require the level of care provided in skilled nursing facilities or

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 46

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1  intermediate care facilities ("ICFs") "are informed of the feasible alternatives" to institutional

2  care, "which such individuals may choose if available under the waiver."

3          5.8.6    Pursuant to 42 C.F.R. § 441.353(d), each individual who is determined to

4  be likely to require the level of care provided in a skilled nursing facility or ICF must be

5  informed "of the feasible alternatives available under the waiver and allow[ed] . . . to choose

6  either institutional or home and community-based services."

7          5.8.7    Defendants' planned reduction of hours below those set forth in recipients'

8  individual CARE plans and ISPs will not be sufficient to allow recipients to live safely in their

9  homes, and will lead to deterioration of the health and welfare of recipients.

10         5.8.8    Defendants' planned reduction of hours below those set forth in recipients'

11 individual CARE plans and ISPs will effectively eliminate home-based care as an option for

12 many recipients, such that they have no freedom of choice between "institutional or home and

13 community based services" but instead must enter institutions to receive an adequate level of

14 care.

15         5.8.9    As such, Defendants' actions violate Medicaid's free choice provisions, 42

16 U.S.C. §§ 1396n(c)(2)(C) and 1396n(d)(2)(C), and 42 C.F.R. §§ 441.302(d), 441.353(d).

17         5.8.10   Additionally, at the time that Defendants reduced recipients' allotment of

18 home care hours, and thereby effectively eliminated home-based care as a "feasible alternative"

19 to institutional care, Defendants failed to inform recipients of any other feasible alternatives to

20 institutional care available under the waiver, or of the option to obtain the necessary care in an

21 institutional setting.

22         5.8.11   For this separate and independent reason, Defendants' actions violate

23 Medicaid's notice provisions, 42 U.S.C. §§ 1396n(c)(2)(C) and 1396n(d)(2)(C), and 42 C.F.R.

24 §§ 441.302(d), 441.353(d).

25         5.8.12   Defendants' actions deprive Plaintiffs and members of the Plaintiff Class

26 of rights, privileges or immunities secured to them by the Constitution of the United States, in

27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 47

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312

1    violation of 42 U.S.C. § 1983, and are preempted by the Supremacy Clause of the U.S. CONST.,

2    art. IV.

3                                   **VI.      PRAYER FOR RELIEF**

4           WHEREFORE, plaintiffs pray that the Court order the following relief and remedies:

5           6.1      Declare that Defendants' misleading and inaccurate notice of the home care hours

6    cuts and Medicaid benefits reduction, its failure to conduct a CARE reassessment or transition

7    Plaintiffs to adequate replacement Medicaid services or other residential nursing facility or other

8    instutions, and its reduction of their rights to Medicaid services for which they were assessed to

9    qualify and received until the January 1, 2010 cuts, without proper notice and opportunity for fair

10   hearings constitutes a denial of  Plaintiffs' constitutionally protected right to due process

11   guaranteed by 42 U.S.C. §1983, the Fourteenth Amendment to the Constitution, and the

12   Medicaid program, Title XIX of the Social Security Act, Title 42 § 1396a, et seq.

13          6.2      Declare that Defendants' reduction of Plaintiffs' Medicaid in home personal care

14   services, which deliver services in the most integrated setting appropriate to the needs of the

15   class, condition the receipt of required Medicaid services on segregation in a nursing home and

16   present a serious risk of unnecessary institutionalization, in violation of the ADA and Section

17   504, which prohibit discrimination on the basis of disability and unjustified institutionalization

18   and require Defendant to administer its services and programs in the most integrated setting

19   appropriate to the needs of the individual with disabilities.

20          6.3      Declare that Defendants' arbitrary reduction of Plaintiffs' Medicaid in home

21   personal care services below their assessed need violate the reasonable standards, sufficiency,

22   comparability and free choice provisions of the Medicaid Act, as well as the requirement that

23   States obtain approval of plan and waiver amendments before implementing them.

24          6.4      Grant a temporary restraining order, preliminary injunction, and permanent

25   injunction enjoining Defendants and their officers, agents, employees, attorneys, and all persons

26   who are in active concert or participation with them from reducing Medicaid in home personal

27   care hours as planned for January 1, 2011.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 48

10099.1 dl216312

6.5     In the alternative, grant a temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their officers, agents, employees, attorneys, and all persons who are in active concert or participation with them, from terminating, reducing or suspending Plaintiffs' in-home personal care services until such time as each has an individual care assessment, notice of alternative institutional or home and community-based Medicaid services, and full due process appeal rights from the reductions of their existing Medicaid benefits.

6.6     Waive the requirement for the posting of a bond as security for the entry of preliminary relief.

6.7     Certify this action as a class action and appoint representative Plaintiffs as Class representatives;

6.8     Award the Plaintiffs the costs of this action and reasonable attorney's fees pursuant to 29 U.S.C. § 794a, 42 U.S.C. § 12133, 42 U.S.C. § 12205 and as otherwise may be allowed by law.

6.9     All such other and further relief as the Court deems to be just and equitable.

DATED this 21st day of December, 2010.

MacDONALD HOAGUE & BAYLESS

By: _Andrea Brenncke_
Andrea Brenneke, WSBA # 22027
Attorneys for Plaintiffs

ALTSHULER BERZON

By: _Stacey Leyton_    by als
Stacey Leyton, CABA #203827
*pro hac vice* Attorneys for Plaintiffs
*(Application pending)*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
[Cause Number] - 49

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10099.1 dl216312